IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEO LAOSOUVANH,

        Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____/

No. CIV S-06-0589 DAD

ORDER

        Plaintiff brought this action seeking judicial review of an administrative decision denying her claim for Supplemental Security Income under Title XVI of the Social Security Act. See 42 U.S.C. § 405(g). On September 18, 2007, the court issued an order reversing the decision of the Commissioner and remanding the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). That decision was based upon the court's conclusion that the ALJ erred at step two of the sequential evaluation process in concluding that plaintiff does not have a severe mental impairment or impairments. Accordingly, the court remanded the matter to allow an ALJ to apply the proper legal standard at step two of the sequential evaluation process and then proceed beyond step two with respect to plaintiff's severe mental impairments and the combined effects of all of plaintiff's impairments, both physical and mental.

Pending before the court is counsel's motion for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Counsel seeks an award of $9,740.00 in attorney fees under the EAJA based upon 59 hours of attorney time claimed at an hourly rate of $160.00 per hour.[1] Attorney fees under EAJA are set at the market rate, but capped at $125.00 per hour. See Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. § 2412(d)(2)(A)). Nonetheless, counsel for plaintiff seeks to recover fees at the adjusted rates listed above to account for inflation.

Defendant Commissioner opposes the motion on the grounds that the fee award sought is excessive and should be reduced accordingly. In this regard, the Commissioner argues that plaintiff's counsel has failed to meet his burden of showing that 64, now 59, hours was a reasonable amount of attorney time expended in order to achieve the outcome obtained in this "routine" case. (Def.'s Opp. at 3.) In particular, the Commissioner takes issue with the 21 hours, reduced to 16 hours in plaintiff's reply, purportedly expended by plaintiff's counsel in preparing this EAJA fee petition. The Commissioner also argues that because plaintiff's counsel has not justified a cost-of-living adjustment, his hourly rate should be set at the $125.00 an hour cap.[2] Finally, the Commissioner contends that any fees awarded must be paid directly to plaintiff and not to her counsel.

In reply, plaintiff's counsel argues that the number of hours spent preparing the motion for summary judgment and related reply brief were reasonable. As noted above, plaintiff's counsel sets

---

[1] In his initial motion, plaintiff's counsel sought fees in the amount of $10,240.00 for 64 hours of work at an adjusted rate of $160.00 per hour. Responding to the Commissioner's opposition to this motion, plaintiff's counsel concedes that he failed to set forth the cost-of-living increase calculations in his opening brief as he should have. Counsel then calculates the adjusted rates as calling for $169.80 per hour in 2006 and $175.90 per hour in 2007. Nonetheless, plaintiff's counsel continues to seek only $160.00 per hour and, in addition, now chooses to not seek any fees in connection with his reply brief in support of the fee application in light of his oversight. With these adjustments, counsel now seeks EAJA attorney's fees in the amount reflected above which include hours preparing the opening memorandum in support of the pending petition for attorney fees. See Love v. Reilly, 924 F.2d 1492, 1497 (9th Cir. 1991) (attorney fees for fee litigation appropriate under the EAJA).

[2] As noted, this argument has been addressed in plaintiff's reply. See fn.1, supra.

forth the justification for a cost-of-living adjustment to his hourly rate in an amount higher than the $160.00 per hour sought and withdraws his request for fees in connection with his reply brief on the fee application. Counsel does argue, however, that the 16 hours billed in connection with the original fee application was reasonable. Finally, counsel argues that the Commissioner's position that any fee award should be sent directly to plaintiff simply reflects an attempt to discourage commencement of civil litigation.

**ANALYSIS**

The EAJA provides that "a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). "Fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). The prevailing party must apply for attorney fees within thirty days of the final judgment in the action. 28 U.S.C. § 2412(d)(1)(B).

A remand pursuant to sentence four of 42 U.S.C. § 405(g) has been found to constitute a final, appealable judgment. Shalala v. Schaefer, 509 U.S. 292, 296-302 (1993); see also Melkonyan v. Sullivan, 501 U.S. 89, 101-02 (1991). A party who obtains a sentence four remand in a social security case is a prevailing party for purposes of the EAJA. Schaefer, 509 U.S. at 302. Here, it is undisputed that plaintiff is a "prevailing party." It is also undisputed that the position of the Commissioner was not "substantially justified." There is no objection by the Commissioner to the timeliness of the petition. Thus, the undersigned finds that counsel for plaintiff is entitled to an award of attorney fees.

With respect to the amount of attorney time claimed, 28 U.S.C. § 2412(d)(2)(A) expressly provides for an award of "reasonable" attorney fees. However, "there is more to deciding what is a 'reasonable' fee than calculating a reasonable expenditure of hours times a reasonable rate." Atkins, 154 F.3d at 989 (citing Hensley v. Eckhart, 461 U.S. 424 (1983)). The court must also consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. (quoting Hensley, 461 U.S. at 437.) In addition, "[t]he statute explicitly permits the court, in its

discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins, 154 F.3d at 987 (quoting 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)).

Here, counsel secured a remand on behalf of his client following the filing of briefs on cross-motions for summary judgment. Counsel requests a total fee in the amount of $9,740.00 based upon 59 hours of attorney time devoted to the matter at a rate adjusted for cost of living of $160.00 per hour. The court finds that in his reply brief plaintiff's counsel has more than justified the adjusted rate based on an increase in the cost of living. See 28 U.S.C. § 2412(d)(1)(D)(2)(A); see also Dept. of Labor, Bureau of Labor Statistics, Table 1A. CPI-U: U.S. city-average at http://data.bls.gov/cgi-bin/surveymost. With respect to the number of hours spent, the court declines to conduct a line-by-line analysis of counsel's billing entries. See, e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Destefano v. Astrue, No. 05-CV-3534, 2008 WL 623197, *4 (E.D.N.Y. March 4, 2008). Having carefully reviewed the pending motion, however, the court finds the claimed 43 hours of attorney time devoted to the preparation of the complaint and the briefing on the summary judgment motion to be a completely reasonable amount of attorney time to have expended. Those hours are certainly comparable to the amount of time devoted to similar tasks by counsel in other social security appeals coming before this court. The court also appreciates that social security cases are often fact-intensive and is aware of the successful result obtained by counsel.

However, the 16 hours devoted by counsel to the opening memorandum in support of the fee application is a closer question. The court appreciates that plaintiff's counsel has dropped his request for hours expended in connection with the reply brief in support of the fee application. Nonetheless, the court finds the 16 hours devoted to the opening brief on fees to still be somewhat excessive. Although that brief was 18 pages in length, a significant portion of it was devoted to rehashing arguments with respect to the merits of the case that had previously been addressed by counsel in the summary judgment briefing. The court finds that no more than 12 hours should have

/////

reasonably been devoted to the EAJA fee application briefing and therefore will reduce the amount of fees awarded by $640.00 (4 hours at $160.00 per hour) for a total EAJA fee award of $9,100.00.

Finally, the Commissioner argues that any EAJA fees awarded should be paid directly to plaintiff as the prevailing party and not to her counsel. As the undersigned has previously recognized, this is a relatively new position being taken by the Commissioner and one that "appears to be motivated by the government's recent ability, under the Department of the Treasury's Offset Program, to electronically track those persons owing federal debts and potentially to charge an offset against an EAJA attorney fee award paid directly to a prevailing claimant." Barber v. Astrue, Civ. S-00-1286 WBS DAD, 2008 WL 2705147, *6 (E.D. Cal. July 8, 2008) (quoting Garner v. Astrue, No. 06-CV-769C, 2008 WL 2357409, *1 (W.D.N.Y. June 4, 2008). In Dixon-Townsell v. Barnhart, 445 F. Supp. 2d 1283 (N.D. Okla. 2006), the district court granted the plaintiff's motion for relief pursuant to Rule 60 and amended the court's previous order to require payment of attorney fees to counsel rather than to the plaintiff because the plaintiff's EAJA fee award was completely offset by an amount the plaintiff owed for unpaid child support. 445 F. Supp. 2d at 1284.

The Tenth Circuit has abrogated Dixon-Townsell, holding that an EAJA attorney fee award is properly payable to the plaintiff, not to the plaintiff's attorney. Manning v. Astrue, 510 F.3d 1246, 1253 (10th Cir. 2007), cert. denied, ___ U.S.___, 129 S. Ct. 486 (2008). The Eleventh Circuit has reached the same conclusion. Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir.) ("[O]ur analysis begins and ends with the unambiguous text of the statute: The EAJA means what it says, attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney."), cert. denied, ___ U.S.___, 129 S. Ct. 724 (2008). However, the Eighth Circuit has disagreed, concluding that the EAJA attorney fees are awarded to the parties' attorney. Ratliff v. Astrue, 540 F.3d 800, 801 (8th Cir. 2008).

Some district courts within the Ninth Circuit have also concluded that an EAJA attorney fee award must be paid to the plaintiff rather than to the plaintiff's counsel. See, e.g., McCarty v. Astrue, 505 F. Supp. 2d 624, 631-32 (N.D. Cal. 2007) (holding that the attorney was not entitled to have the EAJA fee award paid directly to him and the award was subject to administrative offset by the

Treasury Department); Shinn v. Astrue, No. 1:04-cv-6050 TAG, 2008 WL 2073980, at *8 (E.D. Cal. May 14, 2008) (holding that any fees granted pursuant to the EAJA should be provided to the plaintiff, not his attorney); Pulis v. Comm'r of Soc. Sec., No. CIV S-05-2088-LKK-CMK, 2008 WL 1899918, at *1-2 (E.D. Cal. Apr. 25, 2008) (denying plaintiff's motion to compel payment of EAJA attorney fees directly to counsel, absent evidence of a contractual agreement between plaintiff and counsel).

Other district courts in this Circuit have determined that an EAJA attorney fee award must be paid to the plaintiff's counsel. See McMahon v. Astrue, No. CV 07-14-PHX-MHM, 2008 WL 4183018, *8 (D. Az. Sept. 8, 2008) ("[T]he Court also finds that EAJA conversely allows, and indeed anticipates, that such fee awards will be directly payable to the plaintiff's attorney and not the plaintiff."); Barber, 2008 WL 2705147, at *7; Armstrong v. Astrue, Civ. S-00-1286 WBS DAD, 2008 WL 2705023, *3 (E.D. Cal. July 9, 2008) ("Making attorney fees payable to the attorney is not only the most reasonable interpretation of the EAJA but also the only interpretation that will avoid the result of thwarting Congress' intent to enable litigants to bring meritorious litigation."); Garner, 2008 WL 2357409 at *1 (finding that the "purpose of the EAJA is upheld if attorneys are encouraged to provide legal representation in Social Security cases with the promise of payment should the representation be successful"); Ali v. Gonzales, 486 F. Supp. 2d 1197, 1198 (W.D. Wash. 2007) (awarding EAJA attorney fees and ordering that the fees be made payable to plaintiff's pro bono counsel).

In Stephens v. Astrue, 539 F. Supp. 2d 802 (D. Md. 2008), the court granted multiple petitions for attorney fees and held that the award of EAJA attorney fees in each case was payable to the plaintiff's attorney, and not to the plaintiff. The court viewed the EAJA as a whole and construed § 2412(d)(1)(A) in harmony with other relevant sections of the EAJA. Id. at 805-07. Examining the legislative history of the EAJA and applying well established principles of statutory construction, the court concluded that "an interpretation of the EAJA that awards fees to counsel, rather than the prevailing party, best reflects Congress's goal of the statute – assuring the competent representation of persons challenging unreasonable government action." Id. at 807-08. "[W]ere the awards payable to prevailing parties, few attorneys would undertake representation of a Social Security claimant with

debt obligations because the EAJA fee would be subject to seizure," and lack of representation would most likely to be most severe on appeal, where, in the absence of an EAJA award, counsel's payment under § 406(b) would depend on the plaintiff's eventual success on remand. Id. at 808. The Stephens decision gives careful consideration to the agency's prior administration of the EAJA provisions and engages in a comprehensive analysis of other fee shifting statutes. Id. at 808-21.

The undersigned finds that making attorney fees payable to the attorney is not only the most reasonable interpretation of the EAJA but also the only interpretation that will avoid the "absurd and unjust result" of thwarting Congress' intent to enable litigants to bring meritorious litigation. Id. at 821-22. See also Williams v. Comm'r of Soc. Sec., 549 F. Supp. 2d 613, 617-19 (D.N.J. 2008) (holding that EAJA attorney fees are to be paid directly to the claimant's attorney because paying fees directly to the claimant herself would frustrate the purpose of the EAJA). The court finds the reasoning of the Eighth Circuit in Ratliff and the district courts in Stephens and Williams to be persuasive and will therefore order that plaintiff's EAJA award be made payable to plaintiff's attorney as requested.[3]

/////
/////
/////
/////
/////

---

[3] In another EAJA fee application matter in which the undersigned reached this same conclusion, the Commissioner has moved to amend the judgment pursuant to Rule 59(e) of the Federal Rule of Civil Procedure. See Patino v. Astrue, Civ. S-05-1736 DAD. Essentially the only additional authority provided by the Commissioner in that motion was a reference to an unpublished order of the Ninth Circuit in Lozano v. Astrue, No. 06-15935 (9th Cir. Jul. 18, 2008). However, the Commissioner inadvertently failed to attach that unpublished order to the motion and the order does not appear on the Ninth Circuit website as an unpublished disposition on the date of filing indicated by the Commissioner. In any event, while properly cited given its apparent date of filing, the unpublished order in Lozano has no precedential value and is not binding on this court. Ninth Circuit Rule 36-3(a). The court finds none of the other arguments recently presented by the Commissioner with respect to this issue to be persuasive for the reasons set forth above.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's December 14, 2007 motion for attorney fees pursuant to 28 U.S.C. § 2412 (Doc. No. 21) is granted. Plaintiff is awarded $9,100.00 in EAJA attorney fees made payable to plaintiff's counsel.

DATED: March 24, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
laosouvanh0589.eajaattyfees